UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

BRIAN LEON ROBERTS, )
)
Plaintiff, )
)
v. ) Case No. 2:16-cv-135
)
VERMONT DEPARTMENT OF )
CORRECTIONS, CENTURION OF )
VERMONT, LLC, LINDA ROBERTS, )
JEREMY CORNWALL, MINDY CONNOR, )
MARK POTANAS, MICHELLE BEATTIE, )
and DR. MITCHELL MILLER, )
)
Defendants. )

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**
(Docs. 54 & 61)

This matter came before the court for a review of the Magistrate Judge's April 4, 2017 Report and Recommendation ("R & R") (Doc. 61). In his Complaint filed pursuant to 42 U.S.C. § 1983, Plaintiff Brian Leon Roberts, an inmate in the custody of the Vermont Department of Corrections ("DOC"), alleges that Defendants DOC, Centurion of Vermont, LLC, Linda Roberts, Jeremy Cornwall, Mindy Connor, Mark Potanas, Michelle Beattie, and Dr. Mitchell Miller (collectively, "Defendants") violated the Health Insurance Portability and Accountability Act ("HIPAA"), engaged in deliberately indifferent behavior by failing to provide adequate medical care in violation of the Eighth Amendment, and committed medical malpractice. Plaintiff seeks $25 million in damages, immediate release from custody, dismissal of the criminal charges against him, and placement in a hospital so that he can recover from his alleged injuries.

Plaintiff is self-represented. Defendants are represented by Pamela L.P. Eaton, Esq. and Stephen J. Soule, Esq.

The Magistrate Judge recommended that the court grant Defendants' unopposed motion for summary judgment. (Doc. 54.)[1] With respect to Plaintiff's HIPAA claims, the Magistrate Judge opined that there is no private right of action under HIPAA, and an alleged HIPAA violation cannot form the basis of a § 1983 claim. The Magistrate Judge properly concluded that sovereign immunity precluded Plaintiff's Eighth Amendment claims for proper medical care to the extent he asserted such claims against Defendants in their official capacities. He carefully analyzed Plaintiff's claims against Defendants in their individual capacities, as well as his claims against non-DOC employees and determined that Plaintiff is unable to establish the essential elements of either prong of the deliberate indifference test. Finally, the Magistrate Judge concluded that Plaintiff's medical malpractice claims fail as a matter of law because Plaintiff failed to comply with 12 V.S.A. § 1042.[2] Plaintiff's request for release from custody under the Prison Litigation Reform Act likewise fails because such relief is not available in a § 1983 action. Neither party has filed an objection to the R & R, and the time period to do so has expired.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir.

---

[1] On December 1, 2016, Defendants filed their motion for summary judgment and informed Plaintiff of the consequences of failing to respond to their motion as required by Local Rule 56 and the Magistrate Judge's December 2, 2016 Order. Plaintiff did not respond to Defendants' motion.

[2] A plaintiff asserting a medical malpractice claim must file a certificate of merit simultaneously with the complaint showing that he or she consulted with a qualified health care provider and that the health care provider has:

(1) described the applicable standard of care;

(2) indicated that based on reasonably available evidence, there is a reasonable likelihood that the plaintiff will be able to show that the defendant failed to meet that standard of care; and

(3) indicated that there is a reasonable likelihood that the plaintiff will be able to show that the defendant's failure to meet the standard of care caused the plaintiff's injury.

12 V.S.A. § 1042(a).

1999). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his twenty page R & R, the Magistrate Judge carefully reviewed the factual and legal claims in Plaintiff's Complaint and Defendants' motion, and properly recommended that the court grant summary judgment in Defendants' favor and dismiss all claims against them. The court agrees with the Magistrate Judge's well-reasoned decision.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R as the court's Opinion and Order (Doc. 61), and GRANTS Defendants' motion for summary judgment. (Doc. 54.) Having dismissed Plaintiff's federal claims, the court refrains from exercising supplemental jurisdiction over Plaintiff's medical malpractice claim. Plaintiff's Complaint is therefore DISMISSED WITHOUT PREJUDICE. (Doc. 5.) The court agrees with the Magistrate Judge that leave to amend should not be granted *sua sponte* as it appears unlikely that Plaintiff can cure the deficiencies in his Complaint. SO ORDERED.

Dated at Burlington, in the District of Vermont, this 17th day of May, 2017.

Christina Reiss, Chief Judge
United States District Court